IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES A. TAYLOR,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 11-093-JPG-CJP |
| **MICHAEL J. ASTRUE**, **Commissioner of Social Security**, | ) |
| Defendant. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. § 636(b)(1)(B)**.

In accordance with **42 U.S.C. § 405(g)**, plaintiff James A. Taylor seeks judicial review of the final agency decision finding that he is not disabled and denying him Disability Insurance Benefits and Supplemental Security Income pursuant to **42 U.S.C. § 423**.[1]

Now before the Court is defendant's Motion to Dismiss. **(Doc. 10)**. Defendant moves to dismiss because the complaint was not timely filed. Plaintiff was granted an extension of time to June 15, 2011, in which to file his response. However, he has not responded to the motion.

### Analysis

A complaint seeking review of a final decision denying an application for Social Security benefits must be "commenced within sixty days after the mailing to [the claimant] of notice of

---

[1] The statutes pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. § 423, et seq.. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq. For all intents and purposes relevant to this motion, the DIB and SSI statutes are identical.

1

such decision or within such further time as the Commissioner of Social Security may allow."
**42 U.S.C. §405(g); 42 U.S.C. §1383(c)(3)**. The sixty-day time limit "operates as a statute of limitations." *Loyd v. Sullivan*, **882 F.2d 218, 219 (7th Cir. 1989)**. The limit is "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, **106 S.Ct. 2022, 2029 (1986)**.

The Court notes that defendant accurately sets forth the relevant dates on page 1 of his motion. However, at page 3, he refers to different dates which were, presumably, at issue in a different case. The analysis which follows is based on the dates reflected in the exhibits attached to the motion, Doc. 10.

The 60-day period runs from the receipt of the Notice of Appeals Council Action. Here, the Notice of Appeals Council Action was dated December 3, 2010. **Doc. 10, Ex. 3**. The Notice reflects that it was sent to both plaintiff and his attorney.

The Notice states at page 2 that a civil action seeking review of the denial must be filed within sixty days, and explains that the sixty-day period "starts the day after you receive this letter." The Notice further states that, "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." This last provision is in accordance with 20 C.F.R. §422.210(c).

Plaintiff has not denied that he received the final decision within the five-day period, or indicated that he was given an extension by the Commissioner. Therefore, the latest day on which the plaintiff could have filed a timely complaint was February 7, 2011.

**42 U.S.C. §405(g)** and **42 U.S.C. §1383(c)(3)** require that plaintiff's action be "commenced" within sixty days of the final decision denying him benefits. "A civil action is

commenced by filing a complaint with the court." **Fed.R.Civ.P. 3**. A pleading is filed by "delivering it to the clerk" or to "a judge who agrees to accept it for filing." **Fed.R.Civ.P. 5(d)(2).**

This District instituted a mandatory electronic case filing ("ECF") system in January, 2004. Pursuant to *Electronic Filing Rule 1*, all civil cases are assigned to the ECF system, and "Attorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown." There is no indication that plaintiff's counsel was exempted from using the ECF system. In fact, he is registered with the system and has electronically filed his pleadings in this case.

*Electronic Filing Rule 3* provides the following with respect to the filing of pleadings:

Electronic transmission of a document to the ECF system consistent with these rules, together with the transmission of a "Notice of Electronic Filing" from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure . . . .

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Rule 1, *a document filed electronically is deemed filed at the date and time stated on the "Notice of Electronic Filing" from the court.* (emphasis added).

This case was opened in the ECF system on February 3, 2011. **See, Notice, Doc. 1**. However, the complaint was not filed on that date. The Notice, which was electronically transmitted to plaintiff's counsel, explains that the procedures for filing a new case are set forth in Section 4.0 of the CM/ECF User's Manual. The Notice instructs that the complaint must be electronically filed, and clearly explains, "**Even though a file has been opened in the clerk's office, the complaint or notice of removal is not deemed 'filed' with the clerk until it is**

3

**transmitted to the ECF system."** (emphasis in original).

The complaint in this case, **Doc. 2**, was electronically filed by plaintiff's counsel on February 14, 2011, at 11:29 a.m. **See, Doc. 2, Notice of Electronic Filing**. As the sixty-day period ran on February 7, 2011, the complaint was not timely.

## Recommendation

Because the complaint was not timely filed, this Court recommends that defendant's Motion to Dismiss **(Doc. 10)** be **GRANTED**, and that the complaint be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before **August 30, 2011.**

**Submitted: August 12, 2011.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**